Han v. Holder
BIA
Burr, IJ
A088 551 562

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of September, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

_____

LI MIN HAN,
> *Petitioner,*

v.                                              11-223
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:     Matthew J. Harris, Law Offices of Theodore M. Davis, Long Island City, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Shelley R. Goad, Assistant Director, Jennifer P. Levings;

**Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Li Min Han, a native and citizen of the People's Republic of China, seeks review of a December 14, 2010, decision of the BIA affirming the December 15, 2008, decision of Immigration Judge ("IJ") Sarah Burr, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Li Min Han*, No. A088 551 562 (B.I.A. Dec. 14, 2010), *aff'g* No. A088 551 562 (Immig. Ct. N.Y. City, Dec. 15, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). For

asylum applications, such as Han's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances, . . . base a credibility finding on the demeanor, candor or responsiveness of the applicant, . . . [and] the consistency between the applicant's or witness's written or oral statement, . . . without regard to whether an inconsistency . . . goes to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

The agency's adverse credibility determination was based on Han's demeanor, inconsistent statements, and a false address Han provided to the IJ.

In finding that Han's demeanor was hesitant and non-responsive, the IJ observed that Han's testimony, which had been "fluid," became "evasive and hesitant" once it became clear that his business license contradicted his testimony as to when his business was closed. Accordingly, this finding is supported by the record and is entitled to particular deference. *See Majidi v. Gonzales*, 430 F.3d 77,

3

81 n.1 (2d Cir. 2005); *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) (a reviewing court "can be . . . more confident in [its] review of observations about an applicant's demeanor where . . . they are supported by specific examples of inconsistent testimony.").

As the agency found, Han's testimony was internally inconsistent. Han stated that he renewed his business license in 2000, that it was valid until 2006, and that he renewed it again in 2006 for a second four-year validity period. However, the license he submitted as evidence was issued in April 2007, and valid from May 2004 to March 2009. *See Xiu Xia Lin*, 534 F.3d at 167 (holding that "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination") (emphasis in original). Since Han testified at one point that he obtained the license, the agency was not required to credit Han's explanation that his wife obtained it. *See Majidi*, 430 F.3d at 80-81 (the agency need not credit applicant's explanations for inconsistent testimony unless explanations would compel a reasonable fact-finder to do so).

The IJ also cited Han's omission of his wife's arrest from his testimony. Han testified that he was unaware of

4

the arrest, but he submitted a letter from his mother informing him of it. (For purposes of analyzing a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent.") *Xiu Xia Lin*, 534 F.3d at 166 n.3.

The IJ found that Han provided a false address for the purpose of evading U.S. immigration authorities. Han admitted to purposefully providing the wrong address "just in case this thing did not go through." The IJ was not required to credit Han's testimony that he gave a false address in New York to evade the Chinese authorities. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66-67 (2d Cir. 2007) (holding that a finding is not "impermissibly speculative" if it is "tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived.")

Given these findings, the agency's adverse credibility determination is supported by substantial evidence and is a dispositive basis for the agency's denial of asylum, withholding of removal, and CAT relief as the claims all were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

5

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk